# Louisville and Nashville Railroad Company v. Cook.

(Decided November 22, 1912.)

## Appeal from Laurel Circuit Court.

Master and Servant—When Not Duty of Master to Exercise Ordinary Care—Business of Servant to Inspect Engines.—It is not the duty of the master to exercise ordinary care to furnish a reasonably safe place for the servant to work where the business of the servant is to inspect the place and see that it is safe. An engine inspector cannot recover because of a defect in an engine which he was inspecting by reason of which he was burned by the hot water from the engine.

BENJAMIN D. WARFIELD, GEORGE G. BROCK and J. W. ALCORN for appellant.

HAZLEWOOD & JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Lee Cook was an inspector of engines in the round house of the Louisville and Nashville Railroad Company at Corbin, Ky., and had been for about a year on October 7, 1910. He worked at night. It was his duty when an engine was placed over the pit in the round house to inspect it, and to make this inspection it was necessary for him to go down in the pit under the engine. On that night between 10 and 11 o'clock an engine was placed over the pit and he went under it to inspect it. While he was inspecting the chafing iron and was near the blow-off pipe, about a quart of hot water

suddenly spurted out of that pipe about his head and neck, burning him severely, some of the hot water going into the ear and causing him to become totally deaf in that ear. He brought this action to recover for his injury against the railroad company. The blow-off cock is in front of the fire box under the boiler. There is a pipe connected to the lower end of it, which makes a turn and goes back under the ash pan, being in all something like twelve feet long, the valve being about twelve feet from the end of the pipe. The pipe would not leak a drop for a minute and a half, and then the water would all at once spurt out. When he went under the engine he did not notice anything wrong with the pipe and was not aware of any trouble there until the water struck him. When he was asked what was the cause of this leak he said: "Well, it was a worn valve, or there was something under the valve, or the blow-off was left open a little bit, I suppose is what caused it." Another witness who was examined for him being asked the same question made this answer: "A defective valve set will cause it or it will leak some times from a scale under it, or anything that will keep the two sides from coming together, and again there might just be a crack open a little bit." There was no evidence introduced on the trial to show what caused the leak in fact. The plaintiff's testimony shows that the engine had just been placed on the pit before he went to it; that the steam was up and he knew it. It was his business to inspect the engine, and he went under it for that purpose. On these facts the circuit court instructed the jury in substance that it was the duty of the railroad company to use ordinary care to furnish Cook a reasonably safe place to work, and that if it failed to do this, it was liable. The jury found for him in the sum of $1,000. The court entered judgment on the verdict and the defendant appeals.

The chief question made on the appeal is that the court misinstructed the jury, and that under the proof the court should have instructed the jury peremptorily to find for the defendant on the ground that as it was the plaintiff's business to inspect the engine he took the risks of the business, and that it was not necessary that the defendants should have another man to inspect it and find out whether it was safe for him to inspect. In

Williams Coal Co. v. Cooper, 138 Ky., 287, the court said:

"There are servants who prepare the places and servants who work in these places after they have been prepared. As to the servants engaged in the work of preparation, and who are employed to make places safe for other servants, the doctrine of safe places does not apply. The master should not in reason be required to make the places safe for those he has employed to put them in a safe condition."

In Boyd v. Crescent Coal Co., 141 Ky., 787, the court after quoting the above, added:

"The reason for this rule is perfectly apparent. As the duty of making the place reasonably safe devolves upon the master he must employ persons for that purpose. If he had to employ one man to make the place reasonably safe for another whom he employed for that purpose, then he would be under a like duty with reference to the first man so employed, and so on in a never-ending condition of liability. This would make the master an insurer. The law, however, is not so exacting."

It is insisted for Cook that the rule announced in these cases does not apply here for the reason that the pipe was a part of the boiler; that he was employed to inspect not the boiler but the engine, and that there was a boiler inspector whose duty it was to inspect the boiler. We cannot see, however, that this distinction can be maintained. The engine sets upon the boiler. The engine and boiler constitute one machine. Cook could not inspect the engine without going under the boiler, and when he was burned he was in fact at the fire box and inspecting the chafing iron, which is in front of it and a part of the fire box attachment. He knew when he went under the engine that he was the first inspector to go to it. He went to it in a few minutes after it was put on the pit, and before the boiler inspector had inspected it. The proof shows without any question that it was not uncommon for these blow pipes to leak and while ordinarily the trouble could be seen from steam or water escaping from the pipe, it sometimes happened that the water would gush out in spurts intermittently, as in the case in question. Why this occurred the witnesses are not very clear, but it would seem from the testimony that it was due to the pipe becoming full of water, and the steam accumulating behind the water,

thus forcing the water out at intervals when the pressure of the steam was sufficient to lift the water. But however this may be, Cook, when he went under the engine, knew that the boiler inspector had not inspected it and when the company employed him to inspect its engines it was not required to send a man in front of him to ascertain when it was safe for him to make the inspection. The purpose of inspecting the engines is to learn whether they are safe, and it was incumbent upon Cook to examine the engine, and learn if he could safely do so before he went under it. The circuit court should have instructed the jury peremptorily to find for the defendant.

Judgment reversed and cause remanded for a new trial.